IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN JOSEPH TAKES HORSE, <br><br> Defendant. | CR-09-71-BLG-DWM-CSO-1 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis of Recommendations

A petition alleged that Defendant John Joseph Takes Horse ("Takes Horse") violated his conditions of supervised release in multiple ways discussed in more detail below. Takes Horse admitted the violations. Takes Horse's supervised release should be revoked, and he should be sentenced to 18 months imprisonment with no term of supervised release to follow.

## II. Status

On October 6, 2009, Takes Horse pled guilty to the offense of Involuntary Manslaughter. *ECF 21*. He was sentenced to 34 months custody followed by 3 years supervised release. *ECF 27*.

1

According to the petition now before the Court *(ECF 52)*, Takes Horse violated his release conditions on multiple occasions causing his supervised release to be revoked: (1) on July 16, 2012, whereupon he was sentenced to 6 months custody followed by 30 months supervised release, *ECF 38*; and (2) on February 6, 2013, whereupon he was sentenced to 3 months custody followed by 27 months supervised release, *ECF 49*. Takes Horse began his most recent term of supervision on April 13, 2013. *ECF 52*.

**<u>Petition</u>**

On October 23, 2013, the U.S. Probation Office prepared a Petition for Warrant for Offender Under Supervision alleging that Takes Horse violated (1) Special Condition Number 4 by consuming alcohol, and (2) Special Condition Number 5 by failing to reside in a Residential Re-entry Center. *ECF 52*.

Based on the petition, the undersigned issued a warrant for Takes Horse's arrest. *ECF 53*. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-10*.

## Initial Appearance

Takes Horse was taken into custody on a U.S. Probation holding warrant on October 20, 2013, and he made an initial appearance before the undersigned on October 25, 2013.

## Revocation Hearing

On October 31, 2013, the undersigned conducted a hearing on whether Takes Horse's supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Takes Horse. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Takes Horse, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

In addition, Takes Horse, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Takes Horse admitted both of the violations alleged in the

petition. The undersigned accepted his admissions. The undersigned then determined that Takes Horse's supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Takes Horse's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. The United States Sentencing Guidelines call for 3 to 9 months incarceration. Takes Horse could be sentenced to a term of not more than 27 months of supervised release, less any incarceration time imposed. Ms. Suek and Mr. Merchant agreed with those calculations.

Ms. Suek recommended incarceration for a term of 18 months with no period of supervised release to follow. She noted that this will be the third time that Takes Horse has had his supervised release revoked, that he has been again unsuccessful in his efforts to cease using alcohol or other controlled substances despite having completed treatment programs, and that it would be futile to again have him served a period of supervised release.

Mr. Merchant stated that he cannot disagree with Ms. Suek's assessment, but that he believes a shorter period of incarceration would

be more appropriate. He recommended one year and one day incarceration to afford Takes Horse the opportunity to earn good time credit. Mr. Merchant also attempted to explain Takes Horse conduct as follows: Takes Horse acknowledges that he is an alcoholic. All of his past violations have involved alcohol as did the violations contained in the most recent petition. His underlying offense involved the use of alcohol and the death of a young woman. Also, Takes Horse recently lost his sister. He struggles daily with alcohol. He has worked and continues to work his programs aimed at preventing his use of alcohol. He admits that he has been unsuccessful in that endeavor. But Takes Horse also has experienced some success. He has been able to find and hold jobs, he has an apartment and furnishings, and he has started on the right path forward. So this most recent setback has made him more upset because he knows he will now lose those things that he has gained.

Takes Horse addressed the Court. He said he was grateful for the treatment he has been given and noted that he had been successful for a time. He stated that he had a period of sobriety, but that he had a

relapse. He acknowledged that he made a wrong choice and that he will have to suffer the consequences as a result. He noted that he has two jobs and an apartment – tangible successes that gave him a view of a better life. But his alcoholism again caused him to fail to adhere to the conditions of his supervised release.

### III. Analysis

Based on Takes Horse's admitted violations, his supervised release should be revoked. This is Takes Horse's third revocation proceeding in less than two years. The Court recommends that a departure above the recommended guideline range is appropriate and authorized under 18 U.S.C. § 3583(e) which states that the Court may revoke a term of supervised release and require a defendant to serve n prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. The Court has considered the factors set forth in section 3553(a)(1). Takes Horse's criminal history involves substance abuse related criminal conduct and prior revocations for alcohol use. And, he is again before the Court for multiple violations of supervision including alcohol

6

use. The Court also has considered section 3553 (a)(2)(C). In light of Defendant's history of substance abuse-related criminal conduct and his current return to the consumption of alcohol, he must be considered to be a very serious risk to the community. He has exhibited a pattern of alcohol consumption, placing the community in danger, and is not amenable to community-based supervision at this time.

## IV. Conclusion

The undersigned advised Takes Horse that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Takes Horse that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Takes Horse violated Special Condition Number 4 by consuming alcohol.

2. Takes Horse violated Special Condition Number 5 by failing to reside in a Residential Re-entry Center.

The Court makes the following **RECOMMENDATION:**

7

1. The District Court should revoke Takes Horse's supervised release and sentence Takes Horse in accordance with the attached Judgment, committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 18 months with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 31st day of October, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge